FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 24, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVEN WADE MAISANO, <br><br> Plaintiff, <br><br> v. <br><br> TIM NORMAN LANG, in his official capacity as Secretary of Washington State Department of Corrections, a state agency, <br><br> Defendant. | No. 2:25-cv-00453-RLP <br><br> ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE AND DENYING RETROACTIVE MOTION FOR LEAVE TO AMEND AS MOOT |

Before the Court is Defendant Washington State Department of Corrections Motion to Dismiss, ECF No. 6, and Plaintiff's request for retroactive leave to file a Third Amended Complaint, ECF No. 8. Plaintiff is represented by attorney Mark Knapp and Assistant Attorney General Tyler D. Lloyd represents Washington Department of Corrections. This matter was considered without oral argument.

According to the Third Amended Complaint, firearms were confiscated from Mr. Maisano's home gun safe while he was under the supervision of the

ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE ~ 1

Washington Department of Corrections for a felony conviction in Montana. Once his supervision was complete, Mr. Maisano claims he made demands for the return of the confiscated firearms, some of which belonged to his father, which were ignored or denied. Based on the failure to return his firearms, Mr. Maisano claims the Secretary of the Department of Corrections committed violations of the Fourth, Fifth, and Fourteenth Amendments. He seeks a declaratory judgment and injunctive relief under 42 U.S.C. § 1983. Because the complaint does not allege sufficient facts against the individual defendant, it fails as a matter of law and dismissal is appropriate.

## FACTS/BACKGROUND

Plaintiff Steven Maisano was convicted of one or more felonies in the State of Montana. ECF No. 6 at 2; *see* ECF No. 8-1, ¶ 13. He was granted a deferred sentence on specified conditions, including a prohibition on owning, possessing, or controlling firearms. ECF No. 6 at 2. In November 2024, Washington DOC was supervising Mr. Maisano pursuant to an interstate transfer of community supervision authority between the states of Montana and Washington. ECF No. 8-1, ¶ 11. On November 26, 2024, the DOC confiscated Mr. Maisano's firearms. ECF No. 8-1, ¶ 6. Some of the firearms seized reportedly belonged to Mr. Maisano's father, who resided with Mr. Maisano. ECF No. 8-1, ¶ 8.

ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE ~ 2

According to the Third Amended Complaint, on April 17, 2025, a Montana court entered an order terminating his deferred sentence and dismissing the case, resulting in the restoration of Mr. Maisano's right to possess firearms in Montana. ECF No. 8-1, ¶ 15. Mr. Maisano has made several demands for return of the firearms which have been denied or ignored. ECF No. 8-1, ¶ 17. Mr. Maisano asserts there is no legal authority prohibiting him from possessing firearms under any state or federal law and even if the original confiscation was lawful, the April 17 court order resulted in Mr. Maisano's right to possess firearms being restored. ECF No. 1 at 4, ¶ 12. Therefore, according to the Third Amended Complaint, the Washington DOC has no basis for withholding Mr. Maisano's property and his firearms should be returned. ECF No. 1, ¶ 13.

Mr. Maisano further alleges the Montana felony conviction is not the equivalent of a felony conviction in Washington State. Accordingly, he did not need to have his rights restored in Washington to lawfully possess firearms. ECF No. 8-1, ¶ 12. Alternatively, his right to possess a firearm in Washington was restored when his rights were restored by the Montana court. ECF No. 8-1, ¶ 13. He further alleges he did not lose his rights to possess a firearm under Washington law because the elements of his Montana felony conviction do not match the elements for a felony conviction in Washington. ECF No. 8-1, ¶ 13. And he alleges

ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE ~ 3

that the DOC has no basis for withholding his firearms once his right to possess firearms was restored in Montana. ECF No. 8-1, ¶ 14.

According to Mr. Maisano, the items seized have an estimated value of $60,000. Many are collector items, and several belong to Mr. Maisano's father who shared the gun safe. ECF No. 8-1, ¶ 18.

On October 27, 2025, Mr. Maisano filed a Complaint against the Washington State Department of Corrections alleging three causes of action for violations of the Second, Fifth, and Fourteenth Amendments. ECF No. 1. The request for relief included declaratory relief and/or injunction, actual and punitive damages in the amount of $250,000, attorney's fees, court costs, and other relief. ECF No. 1. An Amended Complaint adding a jury demand was filed on the same date. ECF No. 2.

On January 20, 2026, the DOC filed a Motion to Dismiss based on Eleventh Amendment immunity from suit and failure to state a claim under Rule 12(b)(6). ECF No. 6. On the same date, without requesting leave of the Court, Mr. Maisano filed a Second Amended Complaint, adding DOC Secretary Tim Lang as a defendant. ECF No. 7.

Eleven days later, on January 31, 2026, Mr. Maisano filed a combined responsive brief to the Motion to Dismiss and a Request for Leave to Amend regarding a concurrently filed Third Amended Complaint. ECF No. 8. The third

ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE ~ 4

iteration of the complaint purports to eliminate issues of Eleventh Amendment sovereign immunity raised in the Motion to Dismiss by removing the Washington State Department of Corrections as a defendant. ECF No. 8 at 1. The Third Amended Complaint names Secretary Lang as the sole defendant and seeks only a declaratory judgment and injunctive relief pursuant to 42 U.S.C. § 1983. ECF No. 8-1.

## LEGAL STANDARD

Rule 12(b)(6) allows a party to move for dismissal if the plaintiff has failed to state a claim upon which relief can be granted. FRCP 12(b)(6). Dismissal under this rule is proper only if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a 12(b)(6) motion, the court accepts the allegations in the complaint as true and construes the pleading in the light most favorable to the party opposing the motion. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). However, this does not require the Court "to accept as true legal conclusions couched as factual allegations." *Parents for Privacy v. Barr*, 949 F.3d 1210, 1221 (9th Cir. 2020).

ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE ~ 5

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007); see also *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (requirements of notice pleading are met if plaintiff makes a short and plain statement of their claims). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). The allegations must be enough to raise the right to relief above a speculative level. *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. It is not enough that a claim for relief be merely "possible" or "conceivable;" instead, it must be "plausible on its face." *Id.* at 556, 127 S.Ct. 1955.

## DISCUSSION

*Motion to Dismiss*

The DOC moved to dismiss Plaintiff's First Amended Complaint. Plaintiff responded by filing, without leave of the Court, a Second Amended Complaint, then a Third Amended Complaint. The Court considers only Mr. Maisano's Third Amended Complaint in evaluating the Motion to Dismiss.[1]

---

[1] Generally, an amended complaint supersedes the original complaint and renders it without legal effect. *Lacey v. Maricopa Cnty.*, 693 F.3d 8.96, 927 (9th Cir.

The Third Amended Complaint names Department of Corrections Secretary Tim Lang as the sole defendant and seeks only a declaratory judgment and injunctive relief pursuant to 42 U.S.C. § 1983. ECF No. 8-1. Defendant's reply contends the Third Amended Complaint should be dismissed because it does not claim that Mr. Lang violated Plaintiff's constitutional rights and therefore fails to state a claim.

To state a claim under 42 U.S.C. § 1983, a complaint must allege (1) the conduct complained of was committed by a person acting under color state law and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986). This requires a plaintiff to allege facts showing how each individually named defendant caused or personally participated in causing the harm alleged in the complaint. *Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Supervising state officials may be liable under § 1983 only if they directly participated in or knew of a violation and failed to prevent it, *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), or if they established a custom or policy that led

---

2012).

ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE ~ 7

to the violation. *See Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 681 (9th Cir. 1984); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisor can only be held liable for his or her own culpable action or inaction). Here, Plaintiff alleges no facts from which the Court could infer that DOC Secretary Tim Lang was aware of constitutional violations or that any alleged violations were caused by a custom or policy he established. In fact, the Third Amended Complaint states, "Plaintiff is *not* alleging that Defendant, in his capacity as DOC Secretary, was personally involved in refusing to return the Plaintiff's property." ECF No. 8-1 at 2 (emphasis in original). Mr. Lang is not mentioned in the factual allegations or any cause of action.

At most, Plaintiff's causes of action allege generally that "unnamed DOC employees and/or officials" and "DOC employees and/or officials" have engaged in constitutional violations. ECF No. 8-1 at 6-7. Vague and conclusory allegations of official participation in civil rights violations are insufficient. *Peña v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). There is no plausible claim against Mr. Lang and the Third Amended Complaint is therefore dismissed.

*Motion for Leave to Amend Complaint*

Plaintiff retroactively requests leave to file the Third Amended Complaint, which was already filed. ECF No. 8, 8-1. Having determined the Third Amended Complaint should be dismissed, the Court denies this motion as moot. Counsel is

ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE ~ 8

reminded that future requests to amend should be made in advance pursuant to Rule 15(a)(2) with a proposed amended complaint submitted as an attachment.

*Leave to Amend*

The Court observes that leave to amend is generously granted.[2] Further amendment may be futile because it appears: (1) Plaintiff lacks standing to assert deprivation of property claims from his father; (2) Plaintiff has not articulated a discernable constitutional claim because Plaintiff admits the firearms were legally seized (ECF No. 8 at 8); and (3) any claim may not be ripe because Plaintiff does not allege he has been barred from seeking return of property under RCW 9.41.098(4).

---

[2] The district court considers the existence of the following factors in deciding whether to grant leave to amend: undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. Absent any of those factors, the leave sought should, as the rules require, be 'freely given.'" *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962)).

ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE ~ 9

**Accordingly, IT IS ORDERED:**

1. Defendant's Motion to Dismiss, **ECF No. 6**, is **GRANTED without prejudice and with leave to amend**.

2. Plaintiff's retroactive Request for Leave to File Amended Complaint, **ECF No. 8**, is **DENIED as moot**.

**IT IS SO ORDERED.** The Court Clerk is directed to enter this Order and provide copies to counsel.

DATED February 24, 2026.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE ~ 10